IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**United States of America,**
Plaintiff

v.

**Juan Zalduondo-Viera.**
Defendant

Criminal No. 14-754 (16) (DRD)

## OMNIBUS OPINION AND ORDER

### I.   Introduction

On December 18, 2014, Juan Zaludondo-Viera ("Defendant") was indicted and charged with sixteen counts of conspiracy to commit money laundering, money laundering, and structuring of financial transactions to avoid federal reporting requirements in violation of 18 U.S.C. § 1956(h), 18 U.S.C. § 1957, and 31 U.S.C. § 5324(a)(3). *See* Docket No. 3. Pending before the Court are Defendant's *Motions to Dismiss* Counts Four[1], Seventeen, and Nineteen, and his *Motion for a Bill of Particulars*. *See* Docket Nos. 813, 822, 817 and 815, respectively.

Defendant's first *Motion to Dismiss* (Docket No. 813) avers that Count Four of the indictment fails to state all the essential elements of the offense as required under Fed. R. Crim. P. 7(c). Defendant argues the indictment does not allege intent to disguise or conceal the funds he allegedly conspired to launder. Further, Defendant posits the indictment fails to show how any of his actions aided in the alleged concealment of the funds. Finally, Defendant alleges the indictment makes no allegation of knowledge on his part that the funds in question were drug proceeds.

Defendant's second *Motion to Dismiss* (Docket No. 822) moves for the dismissal of Count Four on duplicity grounds. Defendant alleges the indictment charges several distinct and unrelated conspiracies to

---

[1] Defendant filed two motions to dismiss Count Four, on separate grounds. In the event the Court were to deny the two motions, Defendant requested a Bill of Particulars on Count Four as well as Counts Five to Sixteen (Docket No. 815).

commit money laundering as one overreaching conspiracy to commit money laundering. Defendant asseverates the indictment fails to allege Defendant knew of any agreement to launder the drug proceeds; fails to allege that Defendant knew any of the co-Defendants, aside from co-Defendant Luis Santana-Mendoza; and fails to demonstrate how Defendant's actions were dependent upon the acts of any of his alleged co-conspirators.

The United States duly opposed Defendant's *Motions to Dismiss* (Docket No. 900). The government stresses that the indictment in the case at bar properly states all the essential elements of the offense charged and fairly apprises the Defendant of the charge against him so at to provide him an opportunity to mount a defense. According to the government, Defendant's primary purposes in filing these motions is to gain a tactical advantage by forcing the United States to divulge its factual evidence and further divulge its legal theories well before trial. Finally, the United States dismissed Defendant's duplicity arguments as the alleged conspiracy had one primary objective to launder drug proceeds which was necessarily dependent on several acts by different co-conspirators.

Defendant also moved to dismiss Counts Seventeen and Nineteen (Docket No. 817). Defendant alleges the two counts, as charged, do not pass the muster of Fed. R. Crim. P. 7(c). Defendant avers Count Seventeen lists two transactions that did not reach the federal reporting requirement. Because those transactions were not reportable, Defendant posits he cannot be charged with structuring them to avoid reporting requirements. As to Count Nineteen, Defendant posits the transactions listed on the indictment are reportable as they add up to more than $10,000. Because the transactions were reportable, Defendant alleges there can be no intent to avoid the reporting requirement.

The United States filed its opposition to Defendant's motion to dismiss Counts Seventeen and Nineteen (Docket No. 896) arguing the government has evidence, which it provided to Defendant in discovery, of a third transaction under Count Seventeen. Added to those included in the indictment, this third transaction allegedly triggers the reporting requirement. Alternatively, the United States opposed the dismissal of Count

Nineteen under the theory that the conduct charged demonstrated Defendant's intent to evade the reporting requirements. Defendant then filed a response to the United States' reply (Docket No. 1003) where he essentially restated his grounds for dismissal of both Counts.

## II.     Analysis

### i.     *Sufficiency of the Indictment*

"[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011)(citing *United States v. Moore*, 563 F.3d 583, 586 (7th Cir.2009); *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir.2006); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir.2004) (per curiam); *United States v. De Laurentis*, 230 F.3d 659, 660 (3d Cir.2000); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996); *United States v. Mann*, 517 F.2d 259, 267 (5th Cir.1975)). Federal Rule of Criminal Procedure 7 states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  (emphasis provided). Thus, when evaluating the sufficiency of an indictment, the Court should consider the indictment in its entirety.  *See 1 Wright, Liepold, Henning & Welling*, Federal Practice and Procedure § 125, (4th ed., April 2015 Supplement) (collecting cases).  The Court "should be guided by common sense and by practical rather than by technical considerations."  *Id*. (collecting cases). With these principles at the forefront, a denial of Defendant's motions challenging the sufficiency of the indictment is unavoidable.

**Count Four: Conspiracy to Commit Money Laundering**

Defendant is challenging the sufficiency of Count Four of the indictment, which charges him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Section 1956 makes it illegal for a person to conduct financial transactions in order to disguise or conceal the nature of funds the person knows arose from unlawful activity. *See United States v. George*, 761 F.3d 42, 48–49 (1st Cir. 2014); *see also United States v. Cedeno-Perez*, 579 F.3d 54, 57 (1st Cir. 2009). The indictment, in turn, tracks the statutory language

and charges Defendant with knowingly and willfully combining, conspiring, and agreeing with his co-Defendants to knowingly conduct, and attempt to conduct, financial transactions with the proceeds of unlawful activity in order to disguise and conceal the source of the funds. *See United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993)("The indictment may incorporate the words of the statute to set forth the offense, but the statutory language ''must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'")(quoting *Hamling v. United States,* 418 U.S. 87, 117-18 (1974)); *see also* Docket No. 3 at 17.

"An indictment for conspiracy . . . need not allege the predicate offense with the same precision as the substantive count." *Yefsky*, 994 F.2d at 893. (citing *Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 301–02, 71 L.Ed. 545 (1927); *see also United States v. Fusaro,* 708 F.2d 17, 23 (1st Cir.1983). Nevertheless, the instant indictment includes specific details regarding the manner and means of the conspiracy, lists several overt acts in furtherance of the conspiracy, and includes locations and dates of each transaction. Altogether this "fairly apprises the defendant of the charge against which he must defend, and allows him to contest it without fear of double jeopardy." *United States v. Eirby*, 262 F.3d 31, 37-38 (1st Cir. 2001); *see also* Docket No. 3 at 19. Hence, the Court finds no legal ground for requiring anything more to be included in the indictment at this time.

**Counts Seventeen and Nineteen: Structuring Financial Transactions**

Defendant challenges Counts Seventeen and Nineteen on similar grounds as Count Four. He challenges Count Seventeen because it fails to detail any criminal conduct as the transactions listed under the Count do not surpass the reporting threshold of $10,000. *See* Docket No. 3 at 25; *see also* 31 U.S.C. § 5324(a)(1); and 31 C.F.R. § 1010.311. Defendant's challenge of Count Nineteen is similarly grounded as he challenges the charged count because the transactions listed therein were reportable and, as such, Defendant did not successfully evade federal reporting requirements. However, Defendant's arguments finds no footing in the law.

A charge of illegal structuring under Section 5324(a)(3) criminalizes the structuring of transactions "for the purpose of evading the reporting requirements." 31 U.S.C. § 5324(a)(3). Structuring offenses are more concerned with the person's intent when conducting the transactions than whether the transactions were reportable or whether the person succeeded in evading the reporting requirements. *See United States v. Souza*, 749 F.3d 74, 84 (1st Cir.)(citing *United States v. Sweeney,* 611 F.3d 459, 471 (8th Cir.2010) and *United States v. Van Allen,* 524 F.3d 814, 825 (7th Cir.2008)). Consequently, the issues Defendant raises regarding the transactions listed do not render the indictment insufficient, particularly in light of the fact that the indictment charges Defendant with conducting those transactions "**for the purpose** of evading . . . reporting requirements." *See* Docket No. 3 at 25 (emphasis ours). Whether Defendant was successful in evading the reporting requirements, or whether he violated federal reporting requirements, are matters best suited for the jury.[2]

### Conclusions on Sufficiency

"In the normal course of events, a facially valid indictment returned by a duly constituted grand jury calls for a trial on the merits. *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)(citing *Costello v. United States,* 350 U.S. 359, 363 (1956) and *United States v. Rodriguez,* 738 F.2d 13, 16 (1st Cir.1984)). Generally, indictments must merely "[sketch] out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *See, e.g., United States v. Eirby,* 262 F.3d 31, 37–38 (1st Cir.2001); *see also Guerrier*, 669 F.3d at 3. With those principles in mind, the Court finds Rule 7 has been duly complied with. Accordingly, Defendant's *Motions to Dismiss* on sufficiency grounds (Docket Nos. 813 and 817) are hereby **DENIED**.

---

[2] Although not required to do so, the United States has proffered that they have provided evidence to Defendant of a third transaction conducted by Defendant on December 16, 2011, which triggers the reporting requirement under Count Seventeen.

### ii.    *Duplicitous Counts*

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Verrecchia*, 196 F.3d 294, 297 (1st Cir. 1999)(quoting *United States v. Martinez Canas,* 595 F.2d 73, 78 (1st Cir.1979)). Defendant alleges Count Four charges a "rimless wheel conspiracy." See *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002)("A rimless wheel conspiracy is one in which various defendants enter into separate agreements with a common defendant, but where the defendants have no connection with one another, other than the common defendant's involvement in each transaction.")(citing *Kotteakos v. United States,* 328 U.S. 750, 755 (1946)). In essence, Defendant argues the United States erroneously charged one conspiracy when, in reality, the acts listed therein were separate unrelated unlawful agreements between each co-Defendant charged under Count Four and co-Defendant Carlos Morales-Davila. The Court disagrees.

"In determining whether the evidence supports the existence of a single conspiracy, we ultimately look at the totality of the evidence." *United States v. Dellosantos*, 649 F.3d 109, 117 (1st Cir. 2011)(quoting *United States v. Mangual-Santiago*, 562 F.3d 411, 421–22 (1st Cir. 2009)). Typically, courts look to three factors to determine whether an indictment has charged one conspiracy or multiple conspiracies: "'(1) the existence of a common goal, (2) interdependence among participants, and (3) overlap among the participants.'" *Id.* (quoting *Mangual-Santiago*, 562 F.3d at 421-422 and *United States v. Sánchez–Badillo,* 540 F.3d 24, 29 (1st Cir.2008)).

The common goal factor "is given 'wide breadth." *Sánchez–Badillo,* 540 F.3d at 29. This factor is met here as the common goal of the charged conspiracy was to successfully launder the proceeds from the organization's narcotics sales. See *United States v. Portela,* 167 F.3d 687, 695 (1st Cir.1999)("[a] goal of selling cocaine for profit or furthering the distribution of cocaine" may be sufficient evidence of a common goal.*).* Further, there is overlap here as co-Defendant Morales-Davila and co-Defendant Luis Santana-Mendoza are alleged to be the common hubs of the money laundering conspiracy. See *Mangual-Santiago*,

562 F.3d at 422 ("the overlap factor is 'satisfied by the pervasive involvement of a single 'core conspirator,' [or] hub character.'")(internal citations omitted).

Defendant attempts to attack the second factor of the analysis—interdependence. Defendant posits the indictment fails to sate how "'the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect of the scheme.'" *Dellosantos,* 649 F.3d at 117 (internal citations omitted).  To show interdependence, "'[e]ach individual must think the aspects of the venture interdependent, and each defendant's state of mind, and not his mere participation in some branch of the venture, is key.'" *Portela,* 167 F.3d at 695. In this case, the indictment explicitly explains that the leaders of the drug trafficking organization led by Morales-Davila sought out several businessmen in Puerto Rico to conduct transactions "in a manner designed to create the impression that the monies belonged to [the businessmen] and were generated as part of their legitimate business operations." Docket No. 3 at 19. Further, there is no rimless wheel conspiracy issue here as each distinct overt act of money laundering directly benefitted the conspiracy by injecting "clean" funds into the operations of the organization and into the pockets of the co-conspirators. Finally, the indictment suggests the Defendant was aware of the several objectives of the money laundering conspiracy such as buying properties with laundered funds and depositing drug proceeds in the accounts of legitimate businessmen third-parties.  See *United States v. Morrow*, 39 F.3d 1228, 1234 (1st Cir. 1994)(". . . at a minimum, a conspirator must have knowledge or foresight of the conspiracy's multiplicity of objectives before that defendant is convicted of a multiple-crime conspiracy."). Accordingly, the Court finds the indictment has properly charged one money laundering conspiracy and Defendant's *Motion to Dismiss* on duplicity grounds (Docket No. 822) is hereby **DENIED**. If the evidence presented at trial supports a finding of multiple conspiracies, Defendant may address that issue in a motion under Fed. R. Crim. P. 29.

### iii.     *Motion for a Bill of Particulars*

Having denied Defendant's *Motions to Dismiss*, the Court must decide whether Defendant is entitled to a Bill of Particulars on Count Four and Counts Five through Sixteen. Rule 7(f) of the Federal Rules of Criminal

Procedure authorizes courts to direct a filing of bill of particulars. "However, motions for bills of particulars are seldom employed in a modern federal practice." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need only be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992); *see also Sepulveda*, 15 F.3d at 1192-93..

The matter in question is not complicated. The United States filed an indictment that is more than adequate in law which provides Defendant with enough information to: a) sufficiently notify Defendant of the charges against him, and b) allow Defendant to prepare an adequate defense against each count charged. The charging document also lists several alleged transactions for which Defendant was indicted, the approximate dates of the conspiracy, and the names and roles of all co-conspirators. *See* Docket No. 3. Further, the Defendant has been provided with: 1) a substantial amount of Government discovery, 2) over one year to review said discovery, and 3) a designation of evidence to be used by the Government against Defendant in trial. *See Sepulveda*, 15 F.3d at 1193 (clarifying that a bill of particulars may not be necessary if the defendant has enjoyed access to substantial discovery). No more is needed or required. Accordingly, in spite of Defendant's vigorous arguments to the contrary, the Court is not persuaded. Hence, for the reasons elucidated above, the Court hereby **DENIES** Defendant's motion for a *Bill of Particulars* (Docket No. 815).

### III.     Conclusion

For all of the foregoing reasons, Defendant's *Motions to Dismiss* (Docket Nos. 813, 822, and 817) are **DENIED** and Defendant's *Motion for a Bill of Particulars* (Docket No. 815) is also **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of October, 2016.

/s/ DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. District Judge